UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. _____

JORGE E. SANDOVAL,

      Plaintiff,
vs.

NCL (BAHAMAS) LTD., a Bermuda Company,
a foreign profit corporation,

      Defendant.
_____/

## COMPLAINT

**COMES NOW** the Plaintiff, JORGE E. SANDOVAL, by and through the undersigned counsel, and hereby alleges the following upon information and belief:

## THE PARTIES AND JURISDICTION

1. Comes now, the Plaintiff, JORGE E. SANDOVAL, a citizen of the United States and is a resident of Miami-Dade County, Florida, and files this Complaint for Damages in an amount in excess of $75,000, exclusive of any fees and court costs. This Honorable Court possesses jurisdiction over the instant matter pursuant to the issued ticket by Defendant containing a venue clause which requires that all disputes and matters arising out of an in connection with cruise and travel associated with the ticket be litigated in the United States District Court for the Southern District of Florida, in Miami and there is complete diversity between the parties, 28 United States District Court, Section 1332.

2. At all times material hereto, the Defendant, NCL (BAHAMAS) LTD., a Bermuda Company, a foreign profit corporation (hereinafter referred to as NCL), was and is a business entity engaged in the shipping and passenger cruise business.

3. At all times material hereto, the Defendant, NCL, was and is a corporation engaged in the shipping and passenger cruise business operated by and/or for the financial interests and/or benefits of the United States citizens. NCL maintains a fleet of cruise ships that provide travel and related activities in international waters and at seaports in the United States of America and around the world. NCL provides its passengers with travel packages, which include but are not limited to room and board, entertainment, and cruise-sponsored shore excursions at selected ports of call.

4. At all times material hereto, the Defendant, NCL, owned, operated, and managed the vessel *Norwegian Pearl*.

## FACTS GIVING RISE TO CAUSES OF ACTION

5. At all times material hereto, the Plaintiff, JORGE E. SANDOVAL, purchased a NCL ticket for a vacation on NCL'S cruise ship, *Norwegian Pearl*.

6. At all times material hereto, JORGE E. SANDOVAL was lawfully and legally aboard the *Norwegian Pearl* as an invitee and paying passenger with the actual and/or constructive consent of NCL to be physically present aboard such vessel.

7. On or about November 23, 2019, the Plaintiff, JORGE E. SANDOVAL, aboard the *Norwegian Pearl,* was walking through the Lido Deck area.

8. At all times material hereto, the flooring near the Lido Deck area consisted of an untreated teak finish causing the surface to be unreasonably slippery when wet. The wet substance was in a dangerous location for an extended period of time, and with the exercise of

any reasonable care whatsoever, the Defendant should have been aware of the danger and accordingly should have taken any and all precautionary measures available to ensure an invitee on the ship would not be injured by such dangerous condition. Defendant, through its agents and/or employees failed to take any such precautionary measures and instead left this condition in place with no warning signs of the danger presented to such invitees.

9. As Plaintiff was prudently walking through the Lido Deck area, he suddenly and without warning, slipped on the aforementioned wet substance. Due to the unexpectedness of the wet substance, the Plaintiff was unable to avert falling. This caused the Plaintiff to land on his right leg feeling immediate and excruciating pain to his right knee.

10. On November 24, 2019, Plaintiff, JORGE E. SANDOVAL went to the infirmary with right knee pain.

11. Due to Defendant NCL'S negligence and failure to use reasonable care in maintaining the premises in a reasonably safe condition, the Plaintiff, JORGE E. SANDOVAL, sustained severe injuries to his right knee.

## **COUNT I**
## **NEGLIGENCE OF NCL**

12. The Plaintiff adopt and realleges paragraphs one (1) through eleven (11) as if fully set forth herein, and further allege:

13. At all times material hereto, Defendant NCL owed to Plaintiff JORGE E. SANDOVAL, an invitee on the ship's premises, the duty to use reasonable care in keeping and maintaining the premises in a reasonably safe condition.

14. Additionally, at all times material hereto, the Defendant, NCL, owed to the Plaintiff, JORGE E. SANDOVAL, the duty to give him warning of concealed perils which are

known or should be known to Defendant, and which were unknown to Plaintiff and could not be discovered by him through the exercise of due care.

15. The Defendant, NCL, breached its duty to Plaintiff in one or more of the following ways:

  a. Failing to use reasonable care in maintaining the premises in a reasonably safe condition, specifically, the Lido Deck causing it to be slippery when wet and created a dangerous condition unbeknownst to visitors;

  b. Failing to give Plaintiff warning that the Lido Deck was slippery when wet and created a dangerous condition, and that extra caution should be taken in that particular area, given the hidden dangers;

  c. Failing to maintain the premises in a reasonably safe condition for invitees and Plaintiff. Specifically, upon learning of the dangerous condition of the wet area, NCL'S agents and employees failed to take any remedial action to rectify the dangerous condition of the subject area;

  d. Failing to properly train its agents and/or employees to keep the premises in a reasonably safe condition for invitees and specifically, for the Plaintiff;

  e. Failing to properly monitor its agents and/or employees so as to reasonably assure that they were maintaining the premises in a reasonably safe condition for all invitees, and specifically, the Plaintiff;

  f. Failing to implement and train its agents and/or employees in policies and procedures designed to reasonably assure the safety of invitees on the premises pertaining to potentially wet floors;

  g. Failing to enforce the vessels policies and procedures designed to reasonably assure the safety of invitees on the premises, and

  h. Other acts of negligence to be determined through discovery.

16. The above-described negligent acts and/or omissions are the direct and proximate cause of JORGE E. SANDOVAL'S injuries.

## CLAIM OF JORGE E. SANDOVAL

17. The Plaintiff, JORGE E. SANDOVAL, adopts and realleges all prior material paragraphs, and further states:

18. As a direct and proximate result of the above-described negligent acts and/or omissions, the Plaintiff, JORGE E. SANDOVAL, makes the following claims for damages against NCL:

    a. Bodily injuries; specifically, right knee;

    b. Resulting pain and suffering;

    c. Permanent disability;

    d. Permanent disfigurement;

    e. Mental anguish;

    f. Loss of the capacity for the enjoyment of life;

    g. Expenses of medical, nursing, and rehabilitative expenses; and

    h. Aggravation of a pre-existing condition.

19. These losses are either permanent or continuing and Plaintiff JORGE E. SANDOVAL will suffer the losses in the future.

**WHEREFORE**, the Plaintiff, JORGE E. SANDOVAL, demands judgment against the Defendant, NCL (BAHAMAS) LTD., for the full value of her losses together with costs of suit to the extent allowable by law.

## DEMAND FOR JURY TRIAL

The Plaintiffs hereby demand Trial by Jury of any issue triable of right by a jury.

Signed this 20th day of November, 2020.

Respectfully Submitted,

By: */s/* Jack Paris\_
    **JACK PARIS, ESQ.**
    Florida Bar No.: 984310

**THE COCHRAN FIRM SOUTH FLORIDA**
*Attorney for Plaintiff*
499 NW 70th Avenue, Suite 116
Plantation, FL 33317
Telephone: (954) 473-0011
Facsimile: (954) 530-1082
jparis@cochranfirm.com
vvina@cochranfirm.com